1
2  Christopher Campanella
3  309 Phillips Rd
   Valley Falls NY   12185

4

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 3 : 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

5            UNITED STATES DISTRICT COURT
6            NORTHERN DISTRICT OF NEW YORK

---

**Christopher Campanella**          Case # 10-CV-0684-LEK-DRH

Plaintiff,

   vs.                           **RESPONSE TO RULE 12 MOTION**

**Aurora Loan Servicing**

Defendant

---

7                              Date: August 30, 2010

8

9   (1)   The Plaintiff, in her Original Petition, plead that Defendant charged false fees as
10        stipulated to Plaintiff as listed on the HUD 1 Settlement Statement. Plaintiff specifically
11        plead that Defendant, at the time of settlement of the contract, Defendant failed to
12        provide documentation to establish that said fees were not included in those fees
13        expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be
14        charged to Plaintiff at settlement.

15  (2)  Plaintiff stipulated each fee charged with particularity. Plaintiff calculated the precise
16        amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as
17        stipulated by the Truth In Lending Statement provided by Defendant.   Plaintiff
18        specifically alleged that said fees were fraudulent. Plaintiff alleged that Defendant failed
19        to provide full disclosure by failing to provide documentation to prove that the above fees
20        were authorized by law, that the services alleged provided were necessary, that the
21        amount charged for each service was necessary, and that Defendant did not take an
22        undisclosed markup on said fees.

23  (3)  Plaintiff further alleged that Defendant, acting in concert and collusion with the loan
24        broker, toward the perpetration of a carefully contrived connivance, provided the
25        amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed
26        yield spread premium.  Said undisclosed yield spread premium is alleged to be in

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          1 of 12

27       addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law.

28       Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was

29       a predicate act intended to improperly influence loan broker to misrepresent facts to

30       Plaintiff, to give partial disclosure of those facts which would appear favorable to the

31       intent of the loan broker, while failing to give full disclosure of other facts that would not

32       seem favorable to the contract.

33    (4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore,

34       Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's

35       pleading, or, in the alternative, treat Defendant's pleading as a request for more definite

36       statement, in which case, Plaintiff will provide a more definite statement as requested.

37    (5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a

38       frivolous pleading and for failing to speak with candor to the court as Defendant is totally

39       inept or acted with deliberate intent to improperly influence the court with false

40       pleadings.

41    **PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY**

42    (6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees

43       improperly charged to Plaintiff at closing in order to induce the originator of the loan to

44       breach his fiduciary duty to Plaintiff . By doing this, they committed common law fraud

45       by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only

46       qualified for a more expensive loan product than Plaintiff actually qualified for.  Plaintiff

47       is prepared to prove up said claims after discovery, at a trial on the merits.

48    (7) Plaintiff alleged that Defendant(s) made partial disclosure of alleged facts concerning

49       the conditions of the loan which is the basis for the issuance of the security instrument

50       and lien document at issue.  Plaintiff is prepared to prove at trial, after complete

51       discovery that Defendant(s) failed to give full disclosure of facts that, if disclosed would

52       have caused Plaintiff to make a different decision than the one made.

53    (8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance

54       intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure

55       to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure.

56       Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

57     (9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender. Said
58     allegations are reiterated below with specificity. Plaintiff alleged that the original lender
59     sold the security instrument immediately after closing, but failed to transfer the lien
60     document to the purchaser of said security instrument. Plaintiff is prepared to prove,
61     subsequent to discovery, that the lender, while still holding the security instrument,
62     received consideration and, therefore, could not be harmed rendering the lien
63     unenforceable.

64     (10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained
65     possession of the lien document in order to be able to file an IRS Form 1099a and write
66     the entire amount of the original note off lender's capital gains tax and, thereby, receive
67     consideration a second time.

68     (11) Plaintiff alleged, and is prepared to prove at trial that, the original security
69     instrument, if said instrument still exists, may give the holder a claim against the signator,
70     but have no claim against the property.

71     (12) Plaintiff alleged, and is prepared to prove at trial that, Aurora Loan Servicing , and
72     the attorneys claiming to represent same, have committed fraud by representing to the
73     court that Aurora Loan Servicing is as real party in interest in the contract of sale and
74     has standing to take said property from defendant when no such claim exists.

75     (13) Plaintiff has alleged, and is prepared to prove at trial, that the defendant(s), by
76     claiming standing to express the provisions of the contract of sale and lien, claim to be
77     real parties in interest and, therefore, under the Federal Trade Commission Holder Rule
78     16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

79     *A. LENDER CHARGED FALSE FEES*

80     (14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by
81     the Real Estate Settlement Procedures Act as said fees were simply contrived and not
82     paid to a third party vendor.

83     (15) Lender charged other fees that were a normal part of doing business and should have
84     been included in the finance charge.

85    (16) Below is a listing of the fees charged at settlement.  Neither at settlement, nor at any
86    other time did Lender or Trustee provide documentation to show that the fees herein listed
87    were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---|
| 801 Loan Origination Fee | $3,622.50 |
| 802 Loan Discount | $129.38 |
| 803 Appraisal | $400.00 |
| 804 Processing Fee | $300.00 |
| 805 Settlement Charges | $5.00 |
| 806 Tax Related Service Fee | $72.00 |
| 807 Administration Fee | $465.00 |
| 808 MERS Registration Fee | $4.95 |
| 809 Flood MonitorCombined Fee | $15.00 |
| 810 Application Fee | $295.00 |
| 811 Closing Fee | $100.00 |
| 812 Different Appraisal Fee on hud 1 | $450.00 |
| 813 Un-itemized fee blank description | $250.00 |
| 901Misc | $416.98 |
| 903 Hazard Insurance Premium | $898.00 |
| 1001 Hazard Insurance | $149.68 |
| 1003 City Property Taxes | $185.80 |
| 1004County Property Taxes | $883.00 |
| 1006 school tax | $115.62 |
| 1101 Settlement or closing fee to techler law firm | $100.00 |
| 1102 Title examination fee to techler law firm | $450.00 |
| 1103 Title Insurance | $921.00 |
| 1201 Recording Fee | $160.00 |
| 1203State tax/stamps | $1,010.00 |

88    (17) Debtor is unable to determine whether or not the above fees are valid in accordance
89    with the restrictions provided by the various consumer protection laws. Therefore it was
90    demanded to please provide;

91        a. a complete billing from each vendor who provided the above listed services;

92        b. the complete contact information for each vendor who provided a billed service;

93        c. clearly stipulate as to the specific service performed;

94        d. a showing that said service was necessary;

95        e. a showing that the cost of said service is reasonable;

96        f. a showing of why said service is not a regular cost of doing business that should
97           rightly be included in the finance charge.

98    (18) The above charges have been disputed and deemed unreasonable until such time as
99    said charges have been demonstrated to be reasonable, necessary, and in accordance with
100    the limitations and restrictions included in any and all laws, rules, and regulations
101    intended to protect the consumer.

102    (19) In the event lender fails to properly document the above charges, borrower will
103    consider same as false charges. The effect of the above amounts that borrower would pay
104    over the life of the note will be an overpayment of $124,441.65. This amount will be
105    reduced by the amount of items above when said items are fully documented.

106    **B. RESPA PENALTIES**

107    (20) From a cursory examination of the records, with the few available, the apparent
108    RESPA violations are as follows:

109        a. Good Faith Estimate not within limits

110        b. No HUD-1 Booklet

111        c. Truth In Lending Statement not within limits compared to Note

112        d. Truth in Lending Statement not timely presented

113        e. HUD-1 not presented at least one day before closing

114        f. No Holder Rule Notice in Note

RESPONSE TO RULE 12 MOTION & MOTIONS FOR SANCTIONS    5 of 14

115         g. No 1st Payment Letter

116                  1. No signed and dated :

117                  2. Financial Privacy Act Disclosure;

118                  3. Equal Credit Reporting Act Disclosure;

119                  4. notice of right to receive appraisal report;

120                  5. servicing disclosure statement;

121                  6. borrower's Certification of Authorization;

122                  7. notice of credit score;

123                  8. RESPA servicing disclosure letter;

124                  9. loan discount fee disclosure;

125                  10. business insurance company arrangement disclosure;

126                  11. notice of right to rescind.

127   (21) The courts have held that the borrower does not have to show harm to claim a violation of
128 the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance.
129 And, in as much as the courts are directed to assess a penalty of no less than two hundred
130 dollars and no more than two thousand, considering the large number enumerated here, it is
131 reasonable to consider that the court will assess the maximum amount for each violation.

132   (22) Since the courts have held that the penalty for a violation of RESPA accrues at
133 consummation of the note, borrower has calculated that, the number of violations found in a
134 cursory examination of the note, if deducted from the principal, would result in an
135 overpayment on the part of the borrower, over the life of the note, of $229,193.23.

136   (23) If the violation penalty amounts for each of the unsupported fees listed above are
137 included, the amount by which the borrower would be defrauded is $203,900.16

138   (24) Adding in RESPA penalties for all the unsupported settlement fees along with the
139 TILA/Note variance, it appears that lender intended to defraud borrower in the amount of
140 $557,535.04

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS      6 of 14 ( 2

141                       **MORE DEFINITE STATEMENT**

142   (26) Plaintiff is willing to prepare a more definite statement for the court.  Subsequent to the

143   filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and

144   deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is

145   prepared to file a more definite statement with the court.

146                             **CONCLUSION**

147   (27) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in

148   making said claim, has failed to speak with candor with the court.  Plaintiff moves the court for

149   sanctions against counsel, which is included as a separate motion,  and to deny counsel's motion

150   to dismiss.

151

152
153
154   **Respectfully Submitted,**
155
156
157   Christopher Campanella
158
159
160
161
162
163
164
165
166
167
168
169
170
171
172
173
174
175
176
177
178
179
180
181
182