183  Christopher Campanella
184  309 Phillips Rd
185  Valley Falls NY  12185

186  # UNITED STATES DISTRICT COURT

187  # NORTHERN DISCTRIC OF NEW YORK

188

| | |
|---|---|
| **Christopher  Campanella** | Case# 10-CV-0684-LEK-DRH |
| Plaintiff, | |
| vs. | **MOTION FOR RULE 11** |
| **Aurora Loan Servicing** | **SANCTIONS** |
| Defendant | |
| | Date: August 30th, 2010 |

189

190  PLAINTIFF'S MEMORANDUM IN

191  SUPPORT OF MOTION FOR RULE 11 SANCTIONS

192      Plaintiff asks the court to impose sanctions against Royston Memdoza, counsel for
193  Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in
194  violation of Federal Rule of Civil Procedure 11(b).

195  ### A. Introduction

196      1.   Plaintiff is  Christopher Campanella, Defendant is  Aurora Loan Servicing .

197      2.   Plaintiff sued defendant for numerous violations including but not limited to violations
198  of  the Truth In ending Act, The Real Estate Settlement Procedures Act, The Home equity
199  Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

200      3.   On August 12th counsel for Defendant filed defendants answer.

201  ### B. Argument

202      5.   The court may impose sanctions on a party, an attorney, or a law firm, for presenting a
203  pleading, written motion, or other paper for an improper purpose, such as to harass or cause

204   unnecessary delay or expense.  Fed. R. Civ. P. 11(b)(1), (c)(1).  Also, the court may impose
205   sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
206   other paper that includes any of the following:  (1) claims, defenses,  or contentions not
207   warranted by existing law or by a good-faith argument for extending, modifying, or reversing
208   existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
209   after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
210   Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

211        6.   counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because
212   counsel for Defendant filed the document for an improper purpose, such as to harass, cause an
213   unnecessary delay, or needlessly increase the cost of litigation.  Fed. R. Civ. P. 11(b)(1);
214   *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001).  Attorney makes
215   specious allegations that claims are stated improperly, claims are time barred due to limitation on
216   statutory procedure, and that the court lacks jurisdiction over the Defendant.  Plaintiff filed
217   multiple causes of action upon which relief can be stated, and this motion offer4ed by attorney is
218   a kneejerk reaction to having not read and understood the suit n its entirety. This is seemingly a
219   waste of time, and intentionally done to cause unnecessary delay, and cost to the Plaintiff.

220        7.   Before imposing sanctions, the court should determine whether the party or the attorney
221   made a reasonable inquiry into the facts or the law before signing and presenting the document.
222   *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
223   Cir. 1990).  The court should impose sanctions against counsel for Defendant because he did not
224   make a reasonable inquiry into the facts or law before filing the answer. He offered specious
225   logic with intent to make the court fall for a smoke and mirror routine, and then blame the
226   allegations of the Plaintiff as being caused by the plaintiff. This is an egregious step in the civil
227   action taken against his client, with intent to bring some sort of validity that a Pro Se cannot offer
228   any reasonable pleadings to the Defendant.

229        8.   The court should impose the following sanctions:  Monetary Sanctions, and Striking Of
230   Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the
231   sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
232   1998).  Plaintiffs suit makes very strong claims and allegations, which can be proved through
233   discovery, and demands that his complaint be taken seriously. Counsel for Defendant failed to
234   address the suit with specificity, and by the court allowing sanctions in this case, the counsel will
235   take the case with serious intention.

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          9 of 14 ( 2

236

237                                              C.  Conclusion

238        9.    Defendants answer failed to address with specificity, as to why the defenses counsel for

239   Defendant used, were valid. They are wasting the time of the Plaintiff and the Court, and are

240   shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to

241   impose sanctions of a monetary amount to be determined by the court, and a Striking of

242   Defendants answer in its entirety.

243

244   **Respectfully Submitted,**
245
246
247   Christopher Campanella

248

249

250

251

252

253

254

255

256

257

258

259

260

261

262

263

264

265

266

267

268

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          10 of 12

269   **VERIFICATION**
270
271
272   I, Christopher Campanella, do swear and affirm that all statements made herein are true and
273   accurate, in all respects, to the best of my knowledge.
274   Christopher Campanella
275   309 Phillips Rd
276   Valley Falls, NY 12185
277
278   SWORN TO AND SUBSCRIBED BEFORE ME, __Jill Walsh__, by *Christopher Campanella*
279   _____, on the _31st_ day of _August_, 2010, which witnesses my hand and seal of office.
280
281
282        JILL S. WALSH              **NOTARY PUBLIC IN AND FOR**
              No. 01WA5056072
          Notary Public, State of New York
283     Qualified in Rensselaer County     **THE STATE OF NEW YORK**
          My Commission Expires 5/26/14
284
285
286
287
288
289
290
291
292
293
294
295
296
297
298
299
300
301
302
303
304
305

RESPONSE TO RULE 12 MOTION  &  MOTIONS FOR SANCTIONS          11 of 12

306                        CERTIFICATE OF SERVICE

307   I,  Christopher Campanella, do swear and affirm that I have served a signed copy of this
308   Response to Rule 12 motion & Motion For Sanctions to any and all defendants by way of
309   U.S.P.S. Certified mail # 7009 2820 0002 5849 3234 and return receipt, regular mail, and via
310   facsimile # ~~————————~~, and noticed by telephone On the  31st day of  August ,
311   2010..

312
313
314
315   Christopher Campanella
316   309 Phillips Rd
317   Valley Falls NY 12185
318
319   The Person above, who proved to me on the basis of satisfactory evidence to be the person

320   whose name is subscribed to this document and acknowledged to me that he/she executed the

321   same in his authorized capacity and that by his signature on this instrument who is the person

322   who executed this instrument.

323   I certify under PENALTY OF PERJURY under the laws of this State that the foregoing

324   paragraph is true and correct.

325

326   Witness my hand and official seal.

JILL S. WALSH
No. 01WA5056072
Notary Public, State of New York
Qualified in Rensselaer County
My Commission Expires 2 26 14

327

328   _____          _____

329   **NOTARY PUBLIC IN AND FOR**                    **Notary Seal**

330   **THE STATE OF NEW YORK**

331

332

333

334

335

336

337

338

339

340

341

342