UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTOPHER CAMPANELLA,

                         Plaintiff,                  **REPLY AFFIRMATION**

vs.

                                                 Case No. 10-CV-684

AURORA LOAN SERVICING,

                         Defendant.
------------------------------------------------------------------------X

      Natalie A. Grigg, Esq. affirms the following under penalty of perjury:

      1.    I am an attorney at law, and an associate with the law firm of Steven J. Baum, P.C., the attorneys of record for the Defendant, Aurora Loan Services, Inc., sued herein as Aurora Loan Servicing, in the above-captioned matter. As such, I am fully familiar with the facts and circumstances of this case and the proceedings heretofor.

      2.    This Reply is submitted in support of the Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

      3.    The Plaintiff's request for sanctions is without merit. Further, on September 2, 2010, the Hon. David R. Homer previously denied the Plaintiff's Motion to Strike and Motion for Sanctions.

      4.    Accordingly, the Plaintiff's request for sanctions against the Defendant in its opposition to Defendant's Motion to Dismiss is unfounded and must be denied in conjunction with the Court's prior Order denying the Plaintiff's Motion for Sanctions.

      5.    The Defendant's motion is not frivolous. The Plaintiff has failed to state a claim upon which relief can be granted and therefore, the Defendant has properly brought the instant Motion to Dismiss before the Court. The Plaintiff cannot remedy his defective pleading by offering to provide a more definite statement. The Defendant maintains that the Plaintiff's

claims are invalid and barred from being asserted.

6. The remaining allegations by the Plaintiff in his opposition papers have already been addressed in the Defendant's Motion to Dismiss. For the reasons set forth in the Defendant's Motion to Dismiss, the Plaintiff has failed to set forth a valid claim and any alleged violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act are without merit and time barred.

7. Lastly, the Plaintiff challenges the Defendant's standing. As stated previously, standing was raised in the State Court foreclosure action and that issue has already been decided in the Defendant's favor, as the Defendant is the legal holder of the Note and Mortgage. The Plaintiff's allegation of fraud against the Defendant and its attorneys with respect to standing is not properly pleaded, completely unfounded, and without merit as the Defendant is the holder of both the Note and Mortgage by way of documentary evidence provided in the State Court foreclosure action and as already decided by Order of the State Court presiding Justice of the Supreme Court. The documents validating standing are attached at Exhibit "C" of the Defendant's Motion to Dismiss. Thus, the Plaintiff is barred by issue preclusion for the reasons set forth herein and as set forth in the Defendant's pending Motion to Dismiss.

WHEREFORE, the Plaintiff has failed to state a claim upon which relief can be granted and the Defendant's Motion to Dismiss should be granted in its entirety.

Natalie A. Grigg, Esq.
Steven J. Baum, PC
*Attorneys for Defendant*
220 Northpointe Pkwy, Ste. G
Amherst, NY 14228
(716) 204-2400
Natalie-Grigg@mbaum.com