UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER CAMPANELLA,

            Plaintiff,

  -against-                                 1:10-CV-00684 (LEK/DRH)
                                                1:10-CV-00685 (LEK/DRH)

AURORA LOAN SERVICING,

            Defendant.

## AMENDED MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Presently before the Court is the Motion to Dismiss filed by Aurora Loan Servicing ("Aurora") pursuant to Federal Rule of Civil Procedure 12(b)(6), the applicable statute of limitations, and issue and claim preclusion. Dkt. No. 12. The federal claims at issue were brought under Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Home Owner's Equity Protection Act ("HOEPA"). Compl. (Dkt. No. 1). Christopher Campanella ("Campanella") has also brought state law claims for unjust enrichment, intentional infliction of emotional distress, breach of fiduciary duty, fraud, and lack of good faith. Id. For the reasons that follow, Aurora's Motion to dismiss is granted. Campanella also appears to have filed an identical lawsuit against Aurora (1:10-cv-00685-LEK-DRH), which the Court dismisses for the same reasons.

**II. BACKGROUND**

Campanella's claims arise out of a mortgage transaction between Campanella and Bankers

Mortgage Trust, Inc., which closed on January 19, 2007. Mendoza Decl. (Dkt. No. 12-1) ¶ 30. The Mortgage was thereafter assigned to Aurora and the Note was transferred by way of an allonge and endorsement. See Maccagno Affirmation (Dkt. No. 12, Ex. B). When Campanella defaulted on his monthly installment payments on June 1, 2008, Aurora commenced a foreclosure action by the filing of a lis pendens, summons and complaint in state court with the Albany County Clerk on March 24, 2009. Mendoza Decl. ¶ 7. Campanella was served on April 16, 2009, and responded by serving an answer dated May 11, 2009. Id. ¶ 8. A motion for summary judgment and order of reference was filed, and Campanella then submitted opposition papers to the Aurora's motion and Aurora submitted a reply. See Maccagno Affirmation. Subsequently, the Hon. Thomas J. McNamara granted the Aurora's motion for summary judgment and order of reference on March 17, 2010. Mendoza Decl. ¶ 9. Aurora served Campanella with a copy of the order with notice of entry, dated April 30, 2010. See Order Granting Mot. for Summ. J. (Dkt. No. 12, Ex. C). Campanella later filed a motion for reconsideration, which was returned to Campanella for failure to pay the filing fee. Mendoza Decl. ¶ 10. The time to appeal the state court's order granting summary judgment thereafter expired.

Campanella commenced this action by filing a Summons and Petition with the United States District Court for the Northern District of New York on June 17, 2010. Summons (Dkt. No. 6). Aurora subsequently responded to Campanella's action with the instant Motion to Dismiss. Dkt. No. 13. Campanella's action seeks an emergency restraining order, a permanent injunction enjoining the Aurora from engaging in fraudulent, deceptive, predatory and negligent acts and practices, quiet title, rescission of the loan contract and restitution, disgorgement of all amounts wrongfully acquired by the Aurora, actual monetary damages in the amount of $744,444.11, pain

and suffering, pre-judgment and post-judgment interest, punitive damages in an amount equal to $2,233,332.33, and attorney's fees and costs. Compl. (Dkt. No. 1).

The Court denied the request for a restraining order. Dkt. No. 7. Aurora's Motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, issue and claim preclusion, and expiration of the statute of limitations. Dkt. No. 13.

## III. DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). At this stage, the movant faces a substantial burden, as "the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S.__, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." Id. Additionally, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. Thus, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. As to a plaintiff's well-pleaded factual allegations, the Court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. That determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

### B. Statute of Limitations

Campanella alleges a violation of RESPA by arguing that the originating lender charged fees that were not earned or substantiated. Compl. at 14. Campanella has one year to bring a private action to enforce a violation under Section 8 of RESPA. 12 U.S.C. § 2614. That section pertains to alleged violations of the original lender with respect to unearned fees. The loan originated on January 19, 2007, which is more than one year from the date this action was commenced. Mendoza Decl. ¶ 30. Therefore, the Court finds that this action is time barred.

Campanella has also alleged a violation of TILA. The statute of limitations for a civil action brought alleging a TILA violation is one year from the date of the violation. 15 U.S.C. §§ 1635(f), 1640(e). Campanella alleges violations that occurred at the closing. The TILA claim is statutorily time barred as the closing occurred on March 15, 2007. This action was commenced in June 2010, which is more than one year from the date of the violation and the statute of limitations has expired.

Campanella has also sought rescission of the loan due to alleged violations of TILA. The statute of limitations for rescission is three years. As stated previously, the loan originated on March 15, 2007. This action was commenced more than three years after the loan originated and is

4

therefore barred as a matter of law. Campanella also alleges a violation of the HOEPA, which is not applicable as this was not a refinance transaction. This mortgage was for the purchase of the property. Nonetheless, HOEPA is an amendment to TILA, and therefore governed by the same statute of limitations. To the extent that HOEPA is even applicable in this matter, any claim alleging a violation of HOEPA is also time barred.

As the alleged federal questions raised by Campanella are not properly pleaded and are time barred, this action must be dismissed. The Court finds that Campanella is not entitled to equitable tolling. The federal doctrine of equitable tolling is permitted where a plaintiff establishes that (1) the defendant concealed from him the existence of his cause of action during the statutory period, (2) he commenced the action within the statutory period from the time that he became aware of his claim, and (3) his continuing ignorance was not attributable to lack of diligence on his part. State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir. 1988) (citation omitted).

Campanella has not demonstrated that the Aurora undertook any measures to conceal the existence of any potential claim or cause of action, and he has not set forth in his pleadings any allegations that would permit equitable tolling. As such, Campanella is not entitled to equitable tolling, and the claims with respect to violations of TILA, RESPA, and HOEPA must be dismissed as time barred.

### C. Claim Preclusion

The Court finds that Campanella is estopped from raising his claims due to claim preclusion. Claim preclusion bars a party from raising claims where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them, and (3) the claims asserted in the subsequent action were, or could have been, raised in the

prior action." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 284 (2d Cir. 2000). Federal courts must apply the state rules of preclusion in which the prior judgment was rendered, Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000), and federal courts must give preclusive effect to state court judgments. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481- 82 (1982).

Campanella filed an answer in the state court foreclosure proceeding, and also asserted lack of standing and future fraud as defenses. Mendoza Decl. at 77. Aurora brought a motion for summary judgment and opposition papers were filed alleging no competent fact witness executed the complaint, lack of standing, dispute of the amount due, a copy of the mortgage was not attached to the complaint, request to inspect the note and mortgage and question a representative of Aurora, lack of personal jurisdiction, and criminal trespass. Id. at 2, 84. On May 3, 2010, an order was signed by the Hon. Henry Zwack granting summary judgment in favor of Aurora and dismissing the Aurora's answer. Id. at 9.

Because Aurora filed an answer and opposition to the motion for summary judgment in the state court proceedings, he had the opportunity to assert additional affirmative defenses and/or counterclaims sounding in fraud, conspiracy to commit fraud, and allege violations of TILA, RESPA, and HOEPA. The Court notes that Campanella's remaining allegations raise issues that have already been raised in the state court foreclosure proceeding. All claims arising out of the same transaction or series of transactions are barred, even if based on different theories of relief or seeking different remedies. New Horizons Investors v. Marine Midland Bank, N.A., 248 A.D.2d 449, 450, 669 (2d Dep't 1998). "A party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of the prior proceeding." Kremer v. Chem. Constr. Corp., 456 U.S. at 481- 82 (1982).

Campanella's claims in the present action are based upon the same transaction as the state court foreclosure action, and both Campanella and Aurora were parties in the state court foreclosure action. Therefore, the Court finds that Campanella's claims are barred by claim preclusion .

## IV. CONCLUSION

For the foregoing reasons, it is:

**ORDERED**, that Aurora's Motion to dismiss (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that Aurora's Motion to dismiss (Dkt. No 12) in Campanella's identical action (1:10-cv-00685-LEK-DRH) is **DISMISSED**; and it is further

**ORDERED**, that Campanella's Complaint (Dkt. No. 1) is **DISMISSED, with prejudice**, consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that Campanella's Complaint (Dkt. No. 1) in his identical action (1:10-cv-00685-LEK-DRH) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   December 20, 2010
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge