UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER CAMPANELLA,

          Plaintiff,                                  1:10-CV-00684 (LEK/DRH)

   -against-                                       1:10-CV-00685 (LEK/DRH)

AURORA LOAN SERVICING,

          Defendant.

_____

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Presently before the Court are two Motions for reconsideration filed by Plaintiff Christopher Campanella. Dkt. Nos. 30/25 ("Mot. for Reconsideration").[1] On June 11, 2010, Plaintiff filed two lawsuits against Defendant Aurora Loan Servicing ("Defendant" or "Aurora"). Compl. (Dkt. Nos. 1/1). The federal claims at issue were brought under the Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and the Home Owner's Equity Protection Act ("HOEPA"). Id. Plaintiff Christopher Campanella ("Plaintiff" or "Campanella") has also brought state law claims for unjust enrichment, intentional infliction of emotional distress, breach of fiduciary duty, fraud, and lack of good faith. Id. On December 20, 2010, the Court issued a Memorandum-Decision and Order granting Defendant's Motions to dismiss. Dkt. Nos. 25/22 ("Memo. Decision & Order"). For the reasons that follow, Plaintiff's Motions for reconsideration are denied.

---

[1] This Motion was filed concurrently in two separate but nearly identical actions designated as Civil Case Numbers 1:10-CV-684 (LEK/DRH) and 1:10-CV-685 (LEK/DRH). This order will cite case numbers in both dockets by using the docket number in the 1:10-CV-684 case, followed by the docket number in the 1:10-CV-685 case.

**II. BACKGROUND**

Campanella's claims arise out of a mortgage transaction between Campanella and Bankers Mortgage Trust, Inc., which closed on January 19, 2007. Mendoza Decl. (Dkt. Nos. 13-1/12-1) ¶ 30. The Mortgage was thereafter assigned to Aurora and the Note was transferred by way of an allonge and endorsement. See Maccagno Aff. (Dkt. Nos. 13/12, Ex. B). When Campanella defaulted on his monthly installment payments on June 1, 2008, Aurora commenced a foreclosure action by the filing of a lis pendens, summons and complaint in state court with the Albany County Clerk. Mendoza Decl. ¶ 7. Campanella was served on April 16, 2009, and responded by serving an answer dated May 11, 2009. Id. ¶ 8. A motion for summary judgment and order of reference was filed, and Campanella then submitted opposition papers to Aurora's motion and Aurora submitted a reply. See Maccagno Aff. Subsequently, the New York Supreme Court, Rensselaer County granted Aurora's motion for summary judgment and order of reference. Mendoza Decl. ¶ 9. Aurora served Campanella with a copy of the order with notice of entry, dated April 30, 2010. See Order Granting Mot. for SJ (Dkt. Nos. 13/12, Ex. C). Campanella later filed a motion for reconsideration, which was returned to Campanella for failure to pay the filing fee. Mendoza Decl. ¶ 10. The time to appeal the state court's order granting summary judgment thereafter expired.

Campanella filed a Complaint in this action on June 11, 2010 with the United States District Court for the Northern District of New York. Dkt. Nos. 6/6. Aurora subsequently responded to Campanella's action by filing Motions to Dismiss. Dkt. Nos. 13/12. In his Complaint, Campanella sought an emergency restraining order, a permanent injunction enjoining Aurora from engaging in fraudulent, deceptive, predatory and negligent acts and practices; quiet title, rescission of the loan contract and restitution, disgorgement of all amounts wrongfully acquired by Aurora, actual

monetary damages in the amount of $744,444.11, pain and suffering, pre-judgment and post-judgment interest, punitive damages in an amount equal to $2,233,332.33, and attorney's fees and costs. Compl.

The Court denied the request for a temporary restraining order. Dkt. Nos. 7/7. Aurora's Memoranda in support of Defendant's Motion sought dismissal on the grounds of failure to state a claim upon which relief can be granted, issue and claim preclusion, and expiration of the statute of limitations. Dkt. Nos. 13-6/12-6. In its Memorandum-Decision and Order granting Defendant's Motions to Dismiss, the Court found that the statute of limitations had expired on Plaintiff's claims, including his claims under RESPA, TILA, and HOEPA, and that the doctrine of equitable tolling did not apply. Memo. Decision & Order at 4-5. The Court also found that Plaintiff's claims were precluded by the previous state court judgment, noting that he had filed an answer and opposition to the motion for summary judgment in state court, and had then had an opportunity to assert additional affirmative defenses and/or counterclaims sounding in fraud, conspiracy to commit fraud, and violations of TILA, RESPA, and HOEPA. Id. at 5-7. Thus, the Court found that Plaintiff was barred from asserting different theories of relief or seeking different remedies arising out of the same transaction or series of transactions. Id.

## III. DISCUSSION

### A. Standard of Review

The standard for granting a motion for reconsideration is a stringent one, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

3

1995). There are three primary grounds on which the Court may grant a motion for reconsideration: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error or prevent manifest injustice. See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

### B. Discussion

In his Motions for reconsideration, Plaintiff argues that equitable tolling applies because Defendant concealed "certain information from Plaintiff in a fraudulent manner, so as to prevent full disclosure." Mot. for Reconsideration at 2. Plaintiff further claims that since this Court granted the Motion to dismiss, there have "been numerous documents, and evidence collected that will unequivocally prove that . . . the action brought forth in the state court was brought with intent to defraud Plaintiff." Id. at 5. However, Plaintiff again fails to demonstrate that Defendant undertook any measures to conceal the existence of any potential claim or cause of action, or brought the state court action with an intent to defraud. Thus, beyond baldly asserting that fraud took place in a conclusory manner, Plaintiff has not set forth any facts that would permit equitable tolling.

Plaintiff cites his *pro se* status in an effort to cure the failings in his pleadings. Id. at 2. It is true that, because Plaintiff is a *pro se* litigant, the Court must endeavor to interpret his opinions "to raise the strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). However, Plaintiff's "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). Plaintiff must still allege facts that, if true, are sufficient to state a claim to relief that is plausible on its face, and the Court finds that he has failed to do so. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff also argues that claim preclusion should not apply because his efforts to obtain discovery of Defendant's fraud were frustrated when the state court granted Defendant's Motion for summary judgment. Mot. for Reconsideration at 5. However, it is well-established that a "judgment on the merits for purposes of res judicata is not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment . . . or a summary judgment." Dillard v. Henderson, 43 F. Supp. 2d 367, 369 (S.D.N.Y. 1999). An "adjudication on the merits" has "a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001) (citations omitted).

In the present case, the state court considered the substance of Plaintiff's arguments in opposition to foreclosure, including lack of personal jurisdiction, criminal trespass, lack of standing, dispute of the amount due, a copy of the mortgage not being attached to the complaint, a request to inspect the note and mortgage and question a representative of Aurora, and his allegation that no competent fact witness executed the complaint. Order Granting Mot. for SJ. The state court rejected these arguments and issued a judgment and order of reference against Campanella in the mortgage foreclosure action. Id. The Court finds that this decision was based on the substance of the claim, rather than on a procedural or other ground, and therefore concludes that it was an adjudication on the merits that is entitled to preclusive effect. Furthermore, to the extent Plaintiff did not plead violations of federal statutes in the state court foreclosure actions, the Court notes that he had the ability to do so. As the current claims stem from the same underlying transaction that was litigated in the state court foreclosure actions, Plaintiff is barred by issue preclusion. Compare Compl. with Order Granting Mot. for SJ; Nat'l Labor Relations Bd. v. United Technologies Corp.,

5

706 F.2d 1254, 1260 (2d Cir. 1983).

Finally, Plaintiff alleges that he is being deprived of his property without due process. Mot. for Reconsideration at 6. The Court notes, however, that Plaintiff has actively participated in both underlying foreclosure actions and filed these actions in federal court. See generally, Maccagno Aff., Compl. The Due Process Clause requires only that "the parties were given notice and an opportunity to be heard [in state court] with respect to the claims against them." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 88 (2d Cir. 2000). Plaintiff has had the opportunity to be heard in both the state and federal court, and the Court therefore rejects Plaintiff's arguments regarding due process.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motions for reconsideration (Dkt. Nos. 30/25) are **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     August 25, 2011
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge